**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Timothy Green, Appellant.

Appellate Case No. 2023-000961

Appeal From Aiken County
Jocelyn Newman, Circuit Court Judge

Unpublished Opinion No. 2025-UP-410
Submitted November 1, 2025 – Filed December 10, 2025

**AFFIRMED**

J. Falkner Wilkes, of Oakland, Mississippi, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor John William Weeks, of Aiken, all for Respondent.

**PER CURIAM:** Timothy Green filed an appeal contesting the trial court's order denying his motion for a new trial on his conviction for murder and sentence of life imprisonment. On appeal, Green argues the trial court erred by denying his motion for a new trial because the State's failure to maintain the original samples for DNA testing deprived Green of his right to due process under the South Carolina Constitution. We affirm pursuant to Rule 220(b), SCACR.

We hold this issue is not preserved for appellate review because Green did not present to the trial court his argument that the State's failure to maintain evidence in violation of his due process rights should be evaluated under Article 1, Section 3 of the South Carolina Constitution instead of the established framework of *Arizona v. Youngblood*[1] pursuant to the Fourteenth Amendment of the United States Constitution. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("[A] party may not argue one ground at trial and an alternate ground on appeal."); *Youngblood*, 488 U.S. at 57 ("We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."); *State v. Reaves*, 414 S.C. 118, 125, 777 S.E.2d 213, 216 (2015) ("Where a defendant's right to a fair trial due to missing or destroyed evidence is at issue, the applicable standard is derived from the United States Supreme Court's opinion in [*Youngblood*].").

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] 488 U.S. 51 (1988).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.